IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
STACIE SMITH, individually,  )
                             )
    Plaintiff,                )
                             )     CIVIL ACTION NO.
    v.                       )       2:08cv125-MHT
                             )
LIFEPOINT HOSPITALS, INC.,   )
d/b/a Andalusia Regional     )
Hospital,                    )
                             )
    Defendant.                )
```

ORDER

The allegations of the plaintiff's complaint are insufficient to invoke this court's jurisdiction under 28 U.S.C. § 1332.  To invoke jurisdiction based on diversity, a complaint must distinctly and affirmatively alleged each party's citizenship.  McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).*

---

* In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business. To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated <u>and</u> the State in which the corporation has its principal place of business. <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam). The plaintiff's complaint fails to allege sufficiently the citizenship of corporate defendant Lifepoint Hospitals, Inc.

In addition, the plaintiff's complaint fails to meet § 1332's requirements because the complaint gives the "residence" rather than the "citizenship" of plaintiff Stacie Smith. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. <u>Delome v. Union Barge Line</u>

Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971).

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until March 13, 2008, to amend the complaint to allege § 1332 jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise, this cause shall be dismissed without prejudice.

DONE, this the 28th day of February, 2008.


                                          /s/ Myron H. Thompson  
                                    **UNITED STATES DISTRICT JUDGE**