UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STACIE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:08-CV-00125-MHT-WC |
| LIFEPOINT HOSPITALS, INC., | ) |
| D/B/A ANDALUSIA REGIONAL | ) |
| HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS

Comes now the Defendant, improperly identified in Plaintiff's Complaint as

LifePoint Hospitals, Inc., d/b/a Andalusia Regional Hospital, ("Lifepoint") and

submits the following Memorandum Brief in Support of its simultaneously filed

Motion to Dismiss in regards to all of Plaintiff's claims in the above-styled cause of

action. Specifically, Defendant moves this Court to dismiss Plaintiff's claims without

prejudice because the citizenship of the respectively named parties is insufficient to

invoke this Court's jurisdiction under 28 U.S.C. §1332. In support thereof,

Defendant states and shows unto the Court as follows:

## PROCEDURAL HISTORY

1.    The Plaintiff, Stacie Smith, filed her Complaint on February 21, 2008,

against an incorrectly named, improper corporate Defendant, Lifepoint Hospitals, Inc., d/b/a Andalusia Regional Hospital, in the United States District Court for the Middle District of Alabama, Northern Division. (See Plaintiff's Complaint attached herewith as Exhibit "A"). This non-existent corporate entity is the only named Defendant in this case.

2.      Thereafter, on February 28, 2008, this Court entered an Order requiring Plaintiff amend her Complaint on or before March 13, 2008, so as to sufficiently invoke the Court's jurisdiction under 28 U.S.C. §1332. (See Order attached herewith as Exhibit "B").

3.      On March 11, 2008, pursuant to the aforementioned Order of this Court requiring correction of diversity jurisdiction allegations, the Plaintiff amended her Complaint accordingly. (See Plaintiff's Amended Complaint attached herewith as Exhibit "C").

4.      Specifically, in her Amended Complaint, she states that this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §1332 because the Plaintiff, Stacie Smith, is a citizen of Alabama; whereas, the Defendant, Lifepoint Hospitals, Inc., d/b/a Andalusia Regional Hospital "is a Delaware corporation which has its principal place of business in Tennessee." Id. Plaintiff states that, thus, there is complete diversity of citizenship, and she asserts claims for damages in excess of

2

Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Id.

5.    Though the Plaintiff's original Complaint was filed on February 21, 2008, Lifepoint was not served with this pleading and summons until March 4, 2008, making the present Motion due on or before March 24, 2008. (See return receipt card showing service of Summons and Complaint attached herewith as Exhibit "D").

6.    Lifepoint now files the instant Motion to Dismiss, asserting herein that diversity between the only named parties in this case does not exist so as to invoke this Court's original jurisdiction under 28 U.S.C. §1332.

## STATEMENT OF FACTS

7.    This is a medical malpractice cause of action arising out of a sequence of events which Plaintiff alleges caused her to go into cardiac arrest. (See Ex. "C"). Specifically, Plaintiff alleges that one of the hospital nurses, Tammi D. Bass, while acting as an employee and agent of Andalusia Regional Hospital, breached the applicable standard of medical care by administering prescribed epinephrine intravenously, as opposed to using an alternative route of administration, allegedly resulting in a subsequent heart attack. Id.

8.    More specifically, Plaintiff asserts that the applicable standard of medical care requires that epinephrine be administered subcutaneously or intramuscularly, rather than through the intravenous route of administration used by

3

Nurse Bass on <u>April 11, 2006</u>, the date of the occasion making the basis of this lawsuit. <u>Id.</u>

9.    Importantly, Plaintiff has named only a purported corporate entity, Lifepoint Hospitals, Inc., d/b/a Andalusia Regional Hospital, as the sole Defendant in this case. <u>Id.</u> However, <u>this entity is incorrectly identified in Plaintiff's Complaint</u>. Indeed, there is no such corporate entity in existence that is identified as a "Lifepoint Hospitals, Inc., d/b/a Andalusia Regional Hospital."

10.    On this point, though there is a company in existence called LifePoint Hospitals, Inc., the actual corporate entity that owns and operates Andalusia Regional Hospital is identified as "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital". Here, the claims raised by Plaintiff all relate to an alleged breach of the applicable standard of medical care and to purported wrongful treatment all provided by a hospital that is wholly owned and operated by this Alabama corporation identified as "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital". <u>As indicated, there is no such corporate entity in existence called "Lifepoint Hospital, Inc., d/b/a Andalusia Regional Hospital"</u>.

11.    In sum, though there is a corporate entity in existence known as Lifepoint Hospitals, Inc., (as opposed to "Lifepoint Hospital, Inc., d/b/a Andalusia Regional Hospital"), that company does <u>not</u> directly own the hospital in question,

does <u>not</u> operate the hospital in question, and certainly did <u>not</u> provide any type of medical care or treatment to the Plaintiff at any point in time that could conceivably form the basis of any allegations raised in her Complaint.  (<u>See</u> Affidavit of Mark Dooley attached herewith as Exhibit "E").

12.   This Affidavit affirmatively establishes that the proper owner and operator of Andalusia Regional Hospital is "Community Hospital of Andalusia, Inc. d/b/a Andalusia Regional Hospital", as opposed to the sole entity named in the Plaintiff's Complaint, "Lifepoint Hospitals, Inc., d/b/a Andalusia Regional Hospital". <u>Id</u>.  The Affidavit further establishes that "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital" is an Alabama corporation doing business in Covington County, Alabama.  <u>Id</u>.

13.   Because the Plaintiff is a citizen of Alabama and the properly named owner of the hospital at issue is an Alabama corporation doing business in Covington County, Alabama, <u>diversity does not exist in this matter so as to sufficiently invoke this Court's original jurisdiction under 28 U.S.C. §1332</u>.

## ARGUMENT AND CITATION OF AUTHORITY

**A.**   <u>**Jurisdictional Analysis Pursuant to 28 U.S.C. §1332**</u>

As this Court is well aware, 28 U.S.C. §1332, states, in relevant part, as follows, "the district courts shall have original jurisdiction over all civil cases where

a matter in controversy exceeds the settlement value of $75,000.00, exclusive of interest and costs, and is between - citizens of difference states." See 28 U.S.C. §1332(a)(1). This statute further states that a corporation shall be deemed a citizen of any state by which it has been incorporated and the state where it has its principle place of business. See 28 U.S.C. §1332(c)(1).

In turn, the "citizenship", rather than the "residence", of an individual party is determinative of proper diversity jurisdiction. See 28 U.S.C. §1332; see also DeLome v. Union Barge Line Company, 444 F.2d 225, 233 (5th Cir. 1971), cert. denied, 404 U.S. 995 (1971)[1]. Further, diversity must be complete in that in the case of multiple parties, no plaintiff or defendant may be from the same State. See Carden v. Arkoma Assoc., 494 U.S. 185, 197-98 (1990).[2]

---

[1] In Bonner v. Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1991) (en banc), the 11th Circuit Court of Appeals adopted as binding precedent all the decisions of the former 5th Circuit handed down prior to the close of business on September 30, 1981.

[2] The ultimate burden of establishing diversity jurisdiction rests upon the party asserting it. See, e.g., Scoggins v. Pollock, 727 F.2d 1025, 1026 (11th Cir. 1984); see also Coury v. Prot, 85 F.3d 244 (5th Cir. 1996); James v. Three Notch Medical Center, 966 F.Supp. 1112 (M.D. Ala. 1997). It is anticipated that Plaintiff might argue that jurisdiction should be based on some form of supplemental jurisdiction. However, because Plaintiff has no federal claims before this Court, the exercise of supplemental jurisdiction, over any dismissal of her claims, would not be proper in this case. To this point, "a district court has discretion to decline to exercise supplemental jurisdiction over state law claims when ... the district court has dismissed all claims over which it has original jurisdiction..." Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002); see also, 28 U.S.C. §1332. In the present case, as set out above, the district court lacks original jurisdiction based on diversity. When faced with a question of extending supplemental jurisdiction, any such extension is due to be denied. Consequently, because the parties are not diverse, and Plaintiff's medical malpractice claims do not pose federal questions, these claims are due to be dismissed.

Here, the Plaintiff, Stacie Smith, is a "citizen" of the State of Alabama. However, as indicated above, the only named Defendant, "Lifepoint Hospitals, Inc., d/b/a Andalusia Regional Hospital", simply does not exist as identified in the Plaintiff's Complaint. Whereas, there is a LifePoint Hospitals, Inc., that is a Delaware corporation with its principle place of business in Tennessee, <u>there is simply not a corporate entity in existence with the name of Lifepoint Hospitals, Inc., d/b/a Andalusia Regional Hospital as stated by Plaintiff in her Complaint and subsequent amended pleadings.</u> (<u>See</u> Ex. "E"). Nonetheless, LifePoint Hospitals, Inc. did not provide care to Plaintiff yet her claim is that the Defendant was negligent in providing care to her.

The Affidavit of the Chief Executive Officer of Andalusia Regional Hospital in Andalusia, Alabama, Mark Dooley, <u>confirms that the proper owner and operator of Andalusia Regional Hospital is "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital".</u> <u>Id.</u> Because the correctly identified Defendant, "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital", is an Alabama corporation doing business in Covington County, Alabama, the Plaintiff is a citizen of the State of Alabama, and there is no corporate entity in existence as named by Plaintiff as "Lifepoint Hospital, Inc., d/b/a Andalusia Regional Hospital", diversity jurisdiction does not exist in this instance and Plaintiff's cause of action is

due to be dismissed, <u>without prejudice</u>, leaving open the option of refiling in an available, alternative forum with proper jurisdiction over the parties and this case in general.

## B.    <u>Joinder of an Indispensable, Necessary Party</u>

<u>The fact that no corporate entity exists, as named by Plaintiff, alone demonstrates that this case cannot go forward in federal court, pursuant to 28 U.S.C. §1332's diversity jurisdiction requirements, as currently pled.</u>  Nevertheless, it is additionally important to note that Defendant is <u>not</u> arguing here that LifeP1oint Hospitals, Inc., (the correct name of this corporate entity) can <u>never</u> be an actual party to this lawsuit[3]; instead, it is asserting that the proper owner and operator of the

---

[3]  Though Lifepoint Hospitals, Inc., (not the incorrectly named, non-existent "Lifepoint Hospitals, Inc., d/b/a Andalusia Regional Hospital") may be later added as a Defendant in this case, in conjunction with "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital", there is no cause of action that exists against the company in light of the allegations contained in Plaintiff's Complaint.  Plaintiff's claims are entirely based upon an alleged breach of the applicable standard of medical care regarding treatment provided at the hospital on <u>April 11, 2006</u>.

However, Lifepoint did not:

- Own the hospital in question;

- Operate the hospital in question; or

- Have any involvement whatsoever in the medical care and treatment provided to Plaintiff on <u>August 11, 2006</u>, the date of the alleged occasion making the basis of this lawsuit.

Thus, Defendant anticipates filing a Motion for Summary Judgment if this corporate entity is, in fact, named as a Defendant once Plaintiff properly refiles this lawsuit in the Circuit Court of Covington County, Alabama.  Regardless, for purposes of the instant Motion, <u>it is simply sufficient</u>

8

subject hospital, "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital", must be joined and is a, and really the only, necessary party given the allegations as stated in Plaintiff's original, and amended, respective Complaints. Once this correct corporate entity is appropriately named as a Defendant, diversity amongst the parties no longer exists and any federal court original jurisdiction pursuant to 28 U.S.C. §1332 (the only basis for jurisdiction relied upon by Plaintiff) is destroyed.

In accordance with <u>Federal Rules of Civil Procedure</u> 12(b)(7) and 19, the Plaintiff has failed to join a necessary, indispensable party (and, in fact, the only real party in interest here), "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital", who is the proper owner and operator of Andalusia Regional Hospital. Clearly, given that the alleged acts or omissions on the part of a nurse who was working at Andalusia Regional Hospital at the time of the incident making the basis of Plaintiff's Complaint is the <u>only</u> basis for her claims in this medical malpractice cause of action, the obligations and liabilities of the respective parties (if any) cannot be resolved without the litigation including this entity. Once that

---

to show that there is no such corporate entity in existence that is identified as "Lifepoint Hospitals, Inc., d/b/a Andalusia Regional Hospital", as stated and relied upon by Plaintiff to show diversity jurisdiction in her Complaint.

properly occurs, of course, as established repeatedly above, diversity jurisdiction no longer exists.   In any case, the Plaintiff's failure to add this necessary and indispensable party to a lawsuit warrants dismissal, <u>without prejudice</u>, of this entire cause of action.  <u>See, e.g.</u>, <u>Federal Rules of Civil Procedure</u> 12(b)(7) and 19(b); 28 U.S.C. § 1332; <u>Ranger Ins. Co. v. United Housing of New Mexico</u>, 488 F.2d 682, 683 (5th Cir. 1973); <u>Earnest v. State Farm Fire & Cas. Co.</u>, 475 F.Supp. 2d 1113 (N.D.Ala. 2007); <u>Federal Kemper Ins. Co. v. Rauscher</u>, 807 F.2d 345, 354-55 (3rd Cir. 1986). Accordingly, Plaintiff's lawsuit should be dismissed, <u>without prejudice</u>, pursuant to Rules 19(b) and 12(b)(7).

Importantly, though this Defendant has filed an initial Brief on the issue of whether this case is due to be dismissed, <u>without prejudice</u>, it respectfully submits that Plaintiff actually has the burden of proving that "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital", is <u>not</u> indispensable.  As a matter of point, in commenting on which party has the burden of proof on a non-joinder issue, the Fifth Circuit considered the relationship between the parties and non-parties and noted as follows:

> "Where an initial appraisal of the facts reveals the possibility that an unjoined party is arguably indispensable, the burden devolves upon the party whose interests are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the court."

Ranger Ins. Co., 488 F.2d at 683, *quoting* Boles v. Greenville Housing Authority, 468 F.2d 476, 478 (6th Cir. 1972); see also Fed.R.Civ.P. 19(c).

Thus, Plaintiff has the burden of proof to show that "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital" is not indispensable because Plaintiff's interests are clearly adverse to those of this entity.  Nonetheless, it is important to point out that one very strong interest "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital" would have relative to being a party in this case would be to avoid any future litigation brought by the Plaintiff, or any other individual involved in the sequence of events making the basis of her Complaint, regarding any alleged wrongful medical care or treatment provided at one of its owned and operated hospitals – Andalusia Regional.  In other words, on a practical level, clearly "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital" interests would be prejudiced because they would not have an opportunity to present challenges and defenses to Plaintiff's medical malpractice claims.  Certainly, a judgment rendered in the absence of this corporate entity would be inadequate.

Furthermore, the Plaintiff will have an alternative, adequate remedy where "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital" could be joined in this action without affecting the Circuit Court's jurisdiction over the

matter.   Unlike here, where the necessary addition of this entity would destroy diversity amongst the parties, and, in conjunction, this Court's original jurisdiction pursuant to 28 U.S.C. §1332.  See Ranger Ins. Co. v. United Housing of New Mexico, 488 F.2d 682 (5th Cir. 1973)(wherein the Court reiterated that it was not concerned with maintaining federal jurisdiction, but, instead, in finding that there was a forum or jurisdiction over the absent, indispensable claimants who would have destroyed diversity jurisdiction in federal court; thus, the Court dismissed the action to allow the insured to join the necessary claimants).

An analogous situation to that seen here is found in the Ranger decision cited above.  In Ranger, the claimants, Texas residents, brought an action against the insureds, residents of New Mexico, for claims arising from the fatal crash of the insureds' airplane.  See Ranger, at 682-83.  The insurer filed an action for declaratory judgment asserting therein that, under the provisions of the subject insurance policy, it was not liable for claims arising from the fatal crash.  Id.  However, the insurer failed to name the Texas claimants as defendants in the declaratory judgment action, claiming that joinder would destroy diversity jurisdiction.  Id. at 683.  The trial court dismissed the action for failure to join the claimants.  Id. The Court of Appeals for the Fifth Circuit affirmed, holding that the claimants were indispensable parties to the action under Fed.R.Civ.P. 19(b) and, therefore, the action was properly dismissed. Id.

Like the claimants in <u>Ranger</u>, here, "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital", is indispensable because: (1) its interests would be prejudiced by a judgment rendered in its absence; (2) litigation of the issues involved in this case against a non-existent corporate entity in the absence of the properly named corporate entity and owner/operator of the hospital in question, "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital", accords nobody complete relief and could force the hospital to re-litigate the very issues involved in this matter; and (3) Plaintiff has an alternative remedy available for pursuing her medical malpractice cause of action in another forum, i.e., the Circuit Court of Covington County, Alabama, <u>where all necessary parties are located and where the entire sequence of events making the basis of Plaintiff's claims in this case arose</u>. <u>See</u> <u>Ranger Insurance Company</u>, 488 F.2d at 683-84.

In short, if this action is dismissed, Plaintiff would not be prejudiced, given that she can refile the cause of action in the Circuit Court of Covington County, <u>where all necessary parties are located</u>. <u>See</u> <u>Federal Rule of Civil Procedure 19(b)</u>. As established repeatedly, joinder of this party would deprive this Court of jurisdiction over the subject matter of the action, in light of the lack of diversity amongst the parties and there being no federal question involved in this medical malpractice case, <u>See</u> <u>Ranger Ins. Co. v. United Housing of N.M.</u>, 488 F.2d 682, 683 (5th Cir. 1974);

however, certainly, Plaintiff would have proper jurisdictional grounds for re-filing the case in State court. Thus, as merely a matter of judicial economy, the present cause of action should be dismissed, <u>without prejudice</u>, with leave for Plaintiff to refile in the forum where the case should have been brought in the first place, i.e., the Circuit Court of Covington County, Alabama.

## <u>CONCLUSION</u>

Plaintiff has named one Defendant in this case, "Lifepoint Hospitals, Inc., d/b/a Andalusia Regional Hospital", which simply does not exist. Plaintiff has not named the proper owner and operator of the hospital at issue in this lawsuit, "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital". Diversity jurisdiction of this matter, pursuant to 28 U.S.C. §1332, only exists if this improperly identified, non-existent corporate entity, "Lifepoint Hospitals, Inc., d/b/a Andalusia Regional Hospital", is left as the only named Defendant in this case. Otherwise, there is no diversity jurisdiction under this statutory provision and Plaintiff's cause of action is due to be dismissed, <u>without prejudice</u>, with leave to be refiled in State Court if desired.

Furthermore, "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital" is an indispensable, necessary party to any medical malpractice cause of action involving Andalusia Regional Hospital and/or its nurses/employees.

In this case, the appropriate forum is the Circuit Court of Covington County, Alabama, since the Court would have personal jurisdiction over all the parties, all of the events making the basis of Plaintiff's claims took place at the hospital located in Andalusia, Alabama, and the witnesses who are best suited to offer testimony regarding the Plaintiff's claims are located there as well. Thus, even if this case were not dismissed on the basis of the Plaintiff naming a non-existent, corporate entity as the sole defendant, if this Court were to rule that "Community Hospital of Andalusia, Inc., d/b/a Andalusia Regional Hospital" is a necessary, indispensable party to this cause of action; again, Plaintiff's case is due to be dismissed, <u>without prejudice</u>.

<br>

 s/Walter J. Price, III
Walter J.  Price, III
Attorney for said Defendant
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223
Phone: (205)251-1193
Fax: (205)251-1256
Email: WJP@hfsllp.com
ASB-0127-c66w

## CERTIFICATE OF SERVICE

I hereby certify that on the _24th_ day of _March_, 2008, I electronically filed the foregoing with the Clerk of the Court using E-File system which will send notification of such filing to the following attorneys and mailing the document via U. S. Mail to the attorneys who are non-participants to the E-File system:

Max Cassady, Esquire
Utopia Cassady, Esquire
CASSADY & CASSADY, P.C.
14 South Section Street
Fairhope, AL 36401

s/Walter J. Price, III
OF COUNSEL

COPY
RECEIVED

# UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

2008 FEB 21  A 9: 59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| STACIE SMITH, individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 2:08 CV125-MHT |
| vs. | ) | |
| | ) | |
| LIFEPOINT HOSPITALS, INC., | ) | **DEMAND FOR JURY TRIAL** |
| D/B/A ANDALUSIA REGIONAL | ) | |
| HOSPITAL; | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the plaintiff, Stacie Smith, and files the following complaint pursuant to Rule 8 of the *Federal Rules of Civil Procedure*, and pursuant to the Court's diversity jurisdiction:

## JURISDICTION

The United States District Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. Section 1332. The plaintiff, Stacie Smith, is a resident of Alabama. The defendant, LifePoint Hospitals, Inc., is a Delaware Corporation. Accordingly, there is complete diversity of citizenship, and the plaintiff asserts claims for damages in excess of $75,000.00, exclusive of interest and costs.

## PARTIES



EXHIBIT

A

1)    Stacie Smith is over the age of 19 and a resident of Covington County, Alabama.

2)    Life Point Hospitals, Inc. is a Delaware corporation doing business as Andalusia Regional Hospital in Andalusia, Alabama.

## FACTS

3)    In 2006 and at all times pertinent, Dr. Gacha was a staff physician at Andalusia Regional Hospital.

4)    After receiving a sting of some type on her face and experiencing severe swelling, Ms. Smith went to see Dr. Samuel Gacha. She needed to go to work where she was required to wear safety goggles. She went in to see if there was something Dr. Gacha could do to reduce the swelling and allow her to go to work.

5)    After examining her, Dr. Gacha handed her a prescription to take to the outpatient area at Andalusia Regional Hospital for treatment.

6)    The prescription contained the following instructions:

Please give
Solumedrol 125mg IV x1 dose
Pepcid 20mg IV x1 dose
Benadryl 50mg IV x1 dose
Epinephrine 0.5cc of 1:1000
repeat in 30 min

7)    On or about April 11, 2006, after receiving the above prescription and being seen by Dr. Samuel Gacha, Ms. Smith took the prescription to the outpatient area of Andalusia Regional Hospital as instructed by Dr. Gacha, an employee of

Andalusia Regional Hospital..

8)   Registered Nurse, Tammi D. Bass, an employee and agent of Andalusia Regional Hospital began treating Ms. Smith according to the prescription written by Dr. Samuel Gacha.

9)   Ms. Bass, acting as an employee and agent of Andalusia Regional Hospital administered all four medications prescribed by Dr. Gacha intravenously, even though the fourth medication indicated no route of administration. The standard of care requires that if no route of administration is indicated on a medication instruction, the nurse must request the route of administration from the prescribing/ordering physician or the onsite physician in charge prior to administering the medication.

It is a breach in the standard of care to administer epinephrine intravenously unless the patient is in cardiac arrest. Otherwise, the standard requires that epinephrine be administered subcutaneously or intramuscularly. The nurse's breach in the standard of care by administering the epinephrine intravenously caused Ms. Smith to go into cardiac arrest. She came very near dying and had to be lifeflighted to a larger medical center to receive the appropriate medical care.

10)   During said outpatient treatment the defendant, LIFEPOINT HOSPITALS, INC, D/B/A ANDALUSIA REGIONAL HOSPITAL was responsible for the care and treatment of STACIE SMITH.

11)   Tammi Bass, R.N., as agent and employee of Andalusia Regional Hospital

fell below the standard of care by administering epinephrine without verifying a route of administration where one was not indicated. She also breached the standard of care by administering epinephrine intravenously to plaintiff Stacie Smith, when she was not in need of resuscitation from cardiac arrest.

12) Defendant LIFEPOINT HOSPITALS, INC., D/B/A ANDALUSIA REGIONAL HOSPITAL is vicariously liable to plaintiff for negligent medical care by its agents, servants or employees who were negligent as stated above and for those agents, servants or employees who contributed to the negligence stated above and further failed to take the appropriate steps to prevent the nurse's and physician's negligent acts.

13) The defendant violated the applicable standards of care as stated above which resulted in plaintiff's injuries and damages set forth below.

## CAUSES OF ACTION

14) The Plaintiff fully incorporates paragraphs 1-13 above as though fully set out herein.

15) On the date of her outpatient treatment on August 11, 2006, the defendant's actions herein resulted in the negligent provision of medical services to the plaintiff Stacie Smith.

16) The agents and employees of Andalusia Regional Hospital, including, but not limited to Tammi Bass, RN, acting within the line and scope of their authority with that company, were negligent in the provision of care to the

plaintiff, such that their care fell below the level of reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in like cases. Andalusia Regional Hospital breached the applicable standard of care by the following actions:

i) In failing to properly supervise and train their nursing staff in the outpatient treatment area to verify a route of administration for a prescribed medication prior to administering the medication.

ii) In failing to properly educate and train their staff on the potential ramifications of administering epinephrine intravenously to a patient who is not in cardiac arrest.

iii) In failing to contact the prescribing/ordering physician or the in house supervising physician for information or instructions on the route of administration when it was not provided in the original order/prescription.

iv) The defendant hospital is vicariously liable for the negligent supervision of the staff that provided care to Ms. Smith. The staff breached the minimum standard of care required of them and was negligent in the provision of services as is more particularly set out herein.

17) As a direct and proximate result of the negligence of the defendant, Stacie Smith was given epinephrine intravenously when she was not in cardiac arrest

and said intravenous injection caused her to go into cardiac arrest, requiring an extensive and complicated hospitalization.

18)     As a proximate result of the above-described breaches in the standard of care the plaintiff, Stacie Smith, was caused to suffer potential permanent neurological damage, cardiac damage and substantial additional medical procedures, hospitalizations, and rehabilitative efforts. All of these procedures, hospital stays and rehabilitative efforts have resulted in great medical expense and missed time from work. As a proximate consequence of the breaches in the standard of care as aforesaid, plaintiff STACIE SMITH was injured and damaged as follows: She suffered cardiac arrest and required a lengthy resuscitation; she required a lengthy and difficult hospitalization in order to recover from the cardiac arrest; she now has a global cardiac dysfunction; she has had to undergo numerous medical treatments and tests; she has incurred medical, hospital, and drug expenses and will continue to experience the same in the future; she has undergone pain, suffering and mental anguish; she experienced a loss of earnings; she has been permanently injured.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff Stacie Smith prays that the jury will award an amount to adequately compensate her for the injuries she has suffered and will continue to suffer. Furthermore, plaintiff prays that the jury, upon consideration of this matter, will award to her punitive damages in an amount as they may deem appropriate to reflect the enormity of the defendants' wrongs in causing the plaintiff's injuries and in order to effectively prevent other similar injuries

in the future.  Plaintiff further prays for the cost of these proceedings.

## TRIAL BY JURY IS DEMANDED

## RESPECTFULLY SUBMITTED:

/s/ Max Cassady

Max Cassady
Cassady & Cassady, PC
14 South Section Street
Fairhope, Alabama 36401
Tel: 251-928-9558
Fax: 251-217-9033
maxcassady@bellsouth.net

/s/ Utopia Cassady

Utopia Cassady
Cassady & Cassady, PC
14 South Section Street
Fairhope, Alabama 36401
Tel: 251-928-9558
Fax: 251-217-9033
topiecassady@bellsouth.net

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
STACIE SMITH, individually, )
                            )
    Plaintiff,              )
                            )        CIVIL ACTION NO.
    v.                      )         2:08cv125-MHT
                            )
LIFEPOINT HOSPITALS, INC., )
d/b/a Andalusia Regional   )
Hospital,                   )
                            )
    Defendant.              )
```

### ORDER

The allegations of the plaintiff's complaint are insufficient to invoke this court's jurisdiction under 28 U.S.C. § 1332.   To invoke jurisdiction based on diversity, a complaint must distinctly and affirmatively alleged each party's citizenship.   <u>McGovern v. American Airlines, Inc.</u>, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).*

--------------------------------

    *    In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

EXHIBIT

B

28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business. To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated <u>and</u> the State in which the corporation has its principal place of business. <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam). The plaintiff's complaint fails to allege sufficiently the citizenship of corporate defendant Lifepoint Hospitals, Inc.

In addition, the plaintiff's complaint fails to meet § 1332's requirements because the complaint gives the "residence" rather than the "citizenship" of plaintiff Stacie Smith. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. <u>Delome v. Union Barge Line</u>

Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971).

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until March 13, 2008, to amend the complaint to allege § 1332 jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise, this cause shall be dismissed without prejudice.

DONE, this the 28th day of February, 2008.


        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **STACIE SMITH,**<br><br>    **PLAINTIFF,**<br><br>v.<br><br>**LIFEPOINT HOSPITALS, INC.,<br>D/B/A ANDALUSIA REGIONAL<br>HOSPITAL,**<br><br>    **DEFENDANT.** | **2:08-CV-00125-MHT-WC** |

## FIRST AMENDED COMPLAINT

**COMES NOW** the plaintiff, Stacie Smith, and files the following complaint pursuant to Rule 8 of the *Federal Rules of Civil Procedure*, and pursuant to the Court's diversity jurisdiction:

## JURISDICTION

The United States District Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. Section 1332. The plaintiff, Stacie Smith, is a citizen of Alabama. The defendant, Lifepoint Hospitals, Inc., is a Delaware Corporation which has its principal place of business in Tennessee. Accordingly, there is complete diversity of citizenship, and the plaintiff asserts claims for damages in excess of $75,000.00, exclusive of interest and costs.



EXHIBIT

C

**PARTIES**

1) Stacie Smith is over the age of 19 and a resident citizen of Covington County, Alabama.

2) Life Point Hospitals, Inc. is a Delaware corporation with its principal place of business in Brentwood, Tennessee, doing business as Andalusia Regional Hospital in Andalusia, Alabama.

**FACTS**

3) In 2006 and at all times pertinent, Dr. Gacha was a staff physician at Andalusia Regional Hospital.

4) After receiving a sting of some type on her face and experiencing severe swelling, Ms. Smith went to see Dr. Samuel Gacha. She needed to go to work where she was required to wear safety goggles. She went in to see if there was something Dr. Gacha could do to reduce the swelling and allow her to go to work.

5) After examining her, Dr. Gacha handed her a prescription to take to the outpatient area at Andalusia Regional Hospital for treatment.

6) The prescription contained the following instructions:



7) On or about April 11, 2006, after receiving the above prescription and

being seen by Dr. Samuel Gacha, Ms. Smith took the prescription to the outpatient area of Andalusia Regional Hospital as instructed by Dr. Gacha, an employee of Andalusia Regional Hospital..

8) Registered Nurse, Tammi D. Bass, an employee and agent of Andalusia Regional Hospital began treating Ms. Smith according to the prescription written by Dr. Samuel Gacha.

9) Ms. Bass, acting as an employee and agent of Andalusia Regional Hospital administered all four medications prescribed by Dr. Gacha intravenously, even though the fourth medication indicated no route of administration. The standard of care requires that if no route of administration is indicated on a medication instruction, the nurse must request the route of administration from the prescribing/ordering physician or the onsite physician in charge prior to administering the medication.

It is a breach in the standard of care to administer epinephrine intravenously unless the patient is in cardiac arrest. Otherwise, the standard requires that epinephrine be administered subcutaneously or intramuscularly. The nurse's breach in the standard of care by administering the epinephrine intravenously caused Ms. Smith to go into cardiac arrest. She came very near dying and had to be lifeflighted to a larger medical center to receive the appropriate medical care.

10) During said outpatient treatment the defendant, LIFEPOINT HOSPITALS, INC, D/B/A ANDALUSIA REGIONAL HOSPITAL was

3

responsible for the care and treatment of STACIE SMITH.

11) Tammi Bass, R.N., as agent and employee of Andalusia Regional Hospital fell below the standard of care by administering epinephrine without verifying a route of administration where one was not indicated. She also breached the standard of care by administering epinephrine intravenously to plaintiff Stacie Smith, when she was not in need of resuscitation from cardiac arrest.

12) Defendant LIFEPOINT HOSPITALS, INC., D/B/A ANDALUSIA REGIONAL HOSPITAL is vicariously liable to plaintiff for negligent medical care by its agents, servants or employees who were negligent as stated above and for those agents, servants or employees who contributed to the negligence stated above and further failed to take the appropriate steps to prevent the nurse's and physician's negligent acts.

13) The defendant violated the applicable standards of care as stated above which resulted in plaintiff's injuries and damages set forth below.

## CAUSES OF ACTION

14) The Plaintiff fully incorporates paragraphs 1-13 above as though fully set out herein.

15) On the date of her outpatient treatment on August 11, 2006, the defendant's actions herein resulted in the negligent provision of medical services to the plaintiff Stacie Smith.

4

16) The agents and employees of Andalusia Regional Hospital, including, but not limited to Tammi Bass, RN, acting within the line and scope of their authority with that company, were negligent in the provision of care to the plaintiff, such that their care fell below the level of reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in like cases. Andalusia Regional Hospital breached the applicable standard of care by the following actions:

i) In failing to properly supervise and train their nursing staff in the outpatient treatment area to verify a route of administration for a prescribed medication prior to administering the medication.

ii) In failing to properly educate and train their staff on the potential ramifications of administering epinephrine intravenously to a patient who is not in cardiac arrest.

iii) In failing to contact the prescribing/ordering physician or the in house supervising physician for information or instructions on the route of administration when it was not provided in the original order/prescription.

iv) The defendant hospital is vicariously liable for the negligent supervision of the staff that provided care to Ms. Smith. The staff breached the minimum standard of care required of them and was negligent in the provision of services as is more particularly set

out herein.

17) As a direct and proximate result of the negligence of the defendant, Stacie Smith was given epinephrine intravenously when she was not in cardiac arrest and said intravenous injection caused her to go into cardiac arrest, requiring an extensive and complicated hospitalization.

18) As a proximate result of the above-described breaches in the standard of care the plaintiff, Stacie Smith, was caused to suffer potential permanent neurological damage, cardiac damage and substantial additional medical procedures, hospitalizations, and rehabilitative efforts. All of these procedures, hospital stays and rehabilitative efforts have resulted in great medical expense and missed time from work. As a proximate consequence of the breaches in the standard of care as aforesaid, plaintiff STACIE SMITH was injured and damaged as follows: She suffered cardiac arrest and required a lengthy resuscitation; she required a lengthy and difficult hospitalization in order to recover from the cardiac arrest; she now has a global cardiac dysfunction; she has had to undergo numerous medical treatments and tests; she has incurred medical, hospital, and drug expenses and will continue to experience the same in the future; she has undergone pain, suffering and mental anguish; she experienced a loss of earnings; she has been permanently injured.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff Stacie Smith prays that the jury will award an amount to adequately compensate her for the injuries she has suffered and will continue to suffer. Furthermore, plaintiff prays that the jury,

6

upon consideration of this matter, will award to her punitive damages in an amount as

they may deem appropriate to reflect the enormity of the defendants' wrongs in

causing the plaintiff's injuries and in order to effectively prevent other similar injuries

in the future. Plaintiff further prays for the cost of these proceedings.

## TRIAL BY JURY IS DEMANDED

## RESPECTFULLY SUBMITTED:

*/s/ Max Cassady*
Max Cassady
Cassady & Cassady, PC
14 South Section Street
Fairhope, Alabama 36401
Tel: 251-928-9558
Fax: 251-217-9033
maxcassady@bellsouth.net
ASB: CAS020


*/s/ Utopia Cassady*
Utopia Cassady
Cassady & Cassady, PC
14 South Section Street
Fairhope, Alabama 36401
Tel: 251-928-9558
Fax: 251-217-9033
topiecassady@bellsouth.net
ASB: CAS037


## CERTIFICATE OF SERVICE

I, Utopia Cassady, do hereby Certify that a true and correct copy of the foregoing has
been furnished by U.S. Mail on this 11th day of March 2008, to:

7

Lifepoint Hospitals, Inc.
DBA Andalusia Regional Hospital
The Corporate Trust Company
Corporate Trust Center
1209 Orange Street
Wilmington, DE 19801

Ms. Debra P. Hackett
Clerk of Court
U. S. District Court
P. O. Box 711
Montgomery, AL   36101-0711

PS Form 3800, 2-04

CERTIFIED MAIL

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: □ Addressee or □ Agent)

X

B. Received By: (Please Print Clearly)

C. Date of Delivery

MAR 0 4 2008

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor   (Please Print Clearly)

Delivery Address

City                          State      ZIP + 4 Code

7155 5474 4100 4888 7824

RETURN RECEIPT REQUESTED

Article Addressed To: 08cv 1253+C

Lifepoint Hospitals, Inc.
The Corporation Trust Company
Corporation Trust Center
1209 N Orange St
Wilmington DE 19801-1196

**EXHIBIT**

_D_

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Stacie Smith, individually   )
                                  )
     Plaintiff,           )
                                  )   CIVIL ACTION NO.:
vs.                           )   2:08 CV-125-MHT
                                  )
LifePoint Hospitals, Inc.,   )
d/b/a Andalusia Regional   )
Hospital                   )
                                  )
     Defendants.         )

<u>AFFIDAVIT OF MARK DOOLEY</u>

Before the undersigned, a notary public in and for said county and state, personally appeared Mark Dooley, who upon oath, deposes and says as follows:

1.  My name is Mark Dooley; I have personal knowledge of the facts stated herein.

2.  I am the Chief Executive Officer of Andalusia Regional Hospital in Andalusia, Alabama.

3.  I am giving this Affidavit in support of a Motion to Dismiss filed in the above-styled case.

4.  It is my understanding from the Complaint that Plaintiff alleges that she was treated at Andalusia Regional Hospital on or about April 11, 2006.  In the Complaint, Plaintiff identifies the hospital entity as "LifePoint Hospitals, Inc., d/b/a Andalusia Regional Hospital".  The proper owner and operator of Andalusia Regional Hospital is Community Hospital of Andalusia, Inc. d/b/a



Andalusia Regional Hospital.  I am not familiar with an entity known as "LifePoint Hospitals, Inc., d/b/a Andalusia Regional Hospital".  Community Hospital of Andalusia, Inc. is an Alabama corporation doing business in Covington County, Alabama.


_____
MARK DOOLEY

Sworn to and subscribed before me
on this 21ˢᵗ day of _March_____,
2008.

_____
Notary Public

My Commission Expires: _2.3.2012_